THOMAS GANIM'S CASE.

Suffolk.     November 3, 1931. — November 3, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Recommittal, Findings by Industrial Accident Board, Appeal.

The disposition of a motion, filed with the Industrial Accident Board in proceedings under the workmen's compensation act, to recommit the case to the single member for the hearing of further evidence, lies in the discretion of the board, and no question of law is raised by a denial of the motion.

A decision by the Industrial Accident Board upon a question of fact in proceedings under the workmen's compensation act must stand if it is supported by evidence; and when the case is brought to this court, the burden is upon the appellant to show that the record discloses that the finding was not so supported.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board dismissing the employee's claim for compensation.

It appeared that the employee was injured on September 19, 1925; that he was paid compensation under the act until October 26, 1925, when he returned to work; and that he continued to work until September 9, 1929. The issue raised at the hearing before the single member on February 25, 1930, related to alleged incapacity of the employee subsequent to September 9, 1929. The single member in his decision, after stating the evidence, stated, "I am satisfied, upon all the evidence, including the medical testimony and . . . [a certain hospital] record . . . , that whatever incapacity the employee has suffered from since September 9, 1929, is not due to his injury of September 19, 1925. His claim for compensation is dismissed."

The board in review denied a motion to recommit the case to the single member for the hearing of further evidence and affirmed and adopted the decision by the single mem-

ber.   By order of *Gray*, J., in the Superior Court, a decree was entered dismissing the claim.   The employee appealed.

*J. J. Twitchell*, for the claimant.

*G. B. Lourie*, Assistant Attorney General, for the Commonwealth.

BY THE COURT.   The decision of the single member was against the contentions of the employee.   The employees' motion before the reviewing board that his case be recommitted for further hearing upon the facts disclosed raised no question of law and was addressed entirely to the discretion of the board.   The member's decision was affirmed and adopted by the reviewing board.   It has been decided too many times to require the citation of authorities that the decision of the board must stand if there is any evidence to support it.   The burden of proof was on the employee to make out his case.   The adverse decision by the board is demonstration that the employee did not sustain the burden of proof resting upon him.   That was a pure question of fact.   There is nothing in this record to take the case out of the general rule.

*Decree affirmed.*